UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:16-cv-07937-JLS-AJW                                      Date: September 17, 2020
Title: United States of America et al v. INSYS Therapeutics, Inc., et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                             Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER (1) GRANTING RELATOR'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (DOC. 85) AND (2) DENYING AS MOOT DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER (DOC. 99) AND MOTION TO DISMISS (DOC. 112)**

Before the Court is Relator-Plaintiff's Motion for Leave to File a Second Amended Complaint.  (Mot., Doc. 85.)  The Belhealth Defendants and Linden Defendants opposed.  (Belhealth Opp., Doc. 114; Linden Opp., Doc. 111.)  Relator-Plaintiff timely replied.  (Belhealth Reply, Doc. 118; Linden Reply, Doc. 119.)  Having taken this matter under submission, the Court now GRANTS Relator's motion.

## I.   BACKGROUND

The above-captioned matter is one of five related actions in this Court against Insys under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b), and several of its state-law counterparts.

In October 2016, Relator Melina Ebu-Isaac—suing as "Jane Doe" at the time of filing—brought suit in this Court against Insys Therapeutics Inc. (a pharmaceutical company that manufactured and sold Subsys, an opioid painkiller) and Linden Care LLC (a retailer that distributed Subsys).  (*See* Compl., Docs. 1, 1-1.)  The sealed complaint alleged, in relevant part, that Insys promoted and sold Subsys through an illegal scheme that involved payment of kickbacks to prescribers and patients, lying to federal healthcare programs to obtain approval for payment, and promoting Subsys for inappropriate off-label uses.  (Compl. ¶ 10.)  The complaint further alleged that Linden Care knowingly helped Insys's unlawful scheme to push the opioid by dispensing prescriptions in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:16-cv-07937-JLS-AJWDate: September 17, 2020
Title: United States of America et al v. INSYS Therapeutics, Inc., et al

violation of federal regulations and mislabeling prescription medicines, among other things.  (Compl. ¶ 14.)

In April 2018, after extending the seal and the period to elect to intervene several times, the United States filed a complaint, intervening only as to the claims against Insys.  (*See* Docs. 24, 27, 28, 30.)  On May 11, 2018, the Court unsealed this and related matters, and stayed them pending resolution of related criminal proceedings against Insys.  (*See* Doc. 29.)  That order required the government to file a status report on the criminal proceedings every ninety days and permitted Relator to file an amended complaint on any declined portions of the action within ninety days notwithstanding the stay.  (*Id.* at 6.)

On August 13, 2018, Relator in this matter timely filed a First Amended Complaint ("FAC").  The FAC names, in addition to Linden Care LLC, two other Linden Care entities—Linden Care, Inc., and Linden Care Holdings, Inc. (collectively "Linden Defendants").  It also names as defendants certain Belhealth entities[1] that acquired and managed Linden Care LLC beginning in July 3, 2013, and that incorporated the other two Linden entities shortly before that acquisition.  (*See* FAC, Doc. 56.)

On May 1, 2020, the United States filed a status report that summarized the outcomes of the related criminal proceedings and indicated that a stay was no longer necessary.  (Doc. 79.)  By this time, the United States had also reached a settlement agreement with Insys regarding this and related FCA actions.  On June 11, 2020, the Court dismissed the claims against Insys and lifted the stay on all remaining claims pursuant to a stipulation between the United States, the intervening States, and Relators.  (Doc. 82.)  That order further instructed Relators to serve their operative complaints and move their cases forward against the remaining defendants.  (*Id.*)  As a result of the dismissal, the Belhealth and Linden entities are the only Defendants that remain in this matter.

Relator now moves for leave to file a Second Amended Complaint ("SAC").

## II.LEGAL STANDARD

"Rule 15(a) of the Federal Rules of Civil Procedure provides that, after the initial period for amendments as of right, pleadings may be amended only by leave of court,

---

[1] Those entities are Belhealth Investment Partners, LLC, Belhealth Investment Management, LLC, and Belhealth Investment Fund, LP (collectively "Belhealth Defendants").

**CIVIL MINUTES – GENERAL**2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:16-cv-07937-JLS-AJW                                      Date: September 17, 2020
Title: United States of America et al v. INSYS Therapeutics, Inc., et al

which 'leave shall be freely given when justice so requires.'" *Ditto v. McCurdy*, 510 F.3d 1070, 1078–79 (9th Cir. 2007) (quoting Rule 15(a)). A district court "determines the propriety of a motion to amend [under Rule 15] by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

### III. DISCUSSION

Relator seeks to file a Second Amended Complaint ("SAC"), adding factual details to her allegations that the Belhealth Defendants were directly and knowingly involved in the unlawful scheme to distribute Subsys through their operation of the Linden entities beginning in 2013. (*See* Proposed SAC, Doc. 85, ¶¶ 3, 19–20, 229–57.) According to the Proposed SAC, Belhealth's high-ranking officers were involved in discussions regarding marketing of Subsys, and Linden substantially increased its distribution and sale of Subsys through Belhealth's direction and involvement. (*Id.* ¶¶ 237, 242.) The Proposed SAC further alleges that, once criminal proceedings against Insys commenced, Belhealth "transferred the assets and the business of LINDEN CARE to another Company it owned, Quick Care Pharmacy, Inc., to avoid liability." (*Id.* ¶ 247.)

The Belhealth and Linden Defendants oppose, each arguing that the proposed amendments are futile because they fail to state a claim for which relief may be granted. (Belhealth Opp. at 18–26; Linden Opp. at 9–21.) The Belhealth Defendants additionally argue that Relator's failure to comply with the FCA's sealing and service requirements warrants dismissal of the operative complaint and renders further amendments futile. (Belhealth Opp. at 10–18.) Finally, the Linden Defendants argue that the FAC and proposed SAC violate this Court's May 11, 2018 order, because that order permitted Relator to amend her complaint *only* as to "any declined portions of the action" and the subsequently-filed FAC named additional Linden entities that were not yet named when the United States intervened; therefore, Linden reasons, Relator violated this Court's order by filing a FAC that went beyond the "declined portions of the action." (Linden Opp. at 6–9.) The Court considers each argument in turn.

*First*, Linden and Belhealth's joint attack on the sufficiency of Relator's claims is unavailing. A proposed amendment is futile only if "no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Abels v. JBC Legal Grp.,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:16-cv-07937-JLS-AJW					Date: September 17, 2020
Title: United States of America et al v. INSYS Therapeutics, Inc., et al

*P.C*., 229 F.R.D. 152, 157 (N.D. Cal. 2005).  "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  *Ashcraft v. Welk Resort Grp.,* Corp., No. 2:16-CV-02978J-AND (JK), 2018 WL 357850, at *3 (D. Nev. Jan. 10, 2018).

As this Court has previously noted, "the preferred course [particularly] where the challenge concerns the sufficiency of the factual allegations rather than a legal bar" is to hear challenges to the sufficiency of the pleadings on a 12(b)(6) motion.  *Patel v. Cty. of Orange*, No. 8:17-CV-01954-JLS (DFM), 2018 WL 9537313, at *2 (C.D. Cal. Sept. 19, 2018) (Staton, J.) (internal citations omitted); *cf. Abels*, 229 F.R.D. at 157 (considering futility arguments where the defendant challenged the timeliness of the claims under the applicable statute of limitations).  Here, Relator's detailed complaint alleges specific wrongdoing by the Belhealth and Linden Defendants.  (*See* FAC.)  Her now-dismissed allegations against at least one entity—Insys—proved meritorious.  At least on these set of facts, the Court finds no occasion to depart from the "preferred course," and therefore finds Defendants' futility arguments premature at this stage.  *Patel*, 2018 WL 9537313, at *2.

*Second*, Belhealth argues that the action should be dismissed with prejudice, because Relator failed to file the FAC under seal or serve it on the government as required by the FCA.  (*See* 31 U.S.C. § 3730(b)(2); Belhealth Opp. at 10–16.)  In support, Belhealth cites a string of inapposite decisions that involve dismissal of a relator's FCA complaint where the relator never filed her original complaint under seal or where she failed to serve the government entirely.  (Belhealth Opp. at 12–13.)  But, here, Relator's original complaint *did* comply with the FCA's sealing and service requirements.  (*See* Doc. 29.)  Belhealth's opposition fails to distinguish decisions, including from courts in this district, finding that an amended FCA complaint need not comply with pre-suit requirements when its allegations are substantially similar to those of the original complaint.  *United States v. Walgreen Co*., No. CV09-1293 PSG PJWX, 2017 WL 10591756, at *3 (C.D. Cal. May 1, 2017) ("Courts in this and other circuits have concluded that sealing an amended complaint is not required where the amended complaint is substantially similar to the original complaint because the Government has had an opportunity to investigate.");  *E. Bay Mun. Util. Dist. v. Balfour Beatty*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:16-cv-07937-JLS-AJW | Date: September 17, 2020 |
| Title: United States of America et al v. INSYS Therapeutics, Inc., et al | |

*Infrastructure, Inc.,* No. 13-CV-02032-WHO, 2014 WL 2611312, at *3 (N.D. Cal. June 11, 2014).

Here, the amendments in the FAC and the proposed SAC relate to the same unlawful scheme laid out in the original complaint. At heart, the original complaint alleged that Insys marketed Subsys through an illegal scheme and that Linden Care knowingly aided that unlawful scheme by dispensing prescriptions in violation of federal regulations and by mislabeling prescription medicines, among other things, and that it received improper government payments as a result. (*See* Compl. ¶¶ 5, 10, 14.) The FAC, filed over two years ago, added that Belhealth—the company that owned and operated Linden Care at all relevant times—directed Linden Care's unlawful acts. (*See, e.g.,* FAC ¶¶ 204, 207, 211.) The proposed SAC further Belhealth's direct involvement in marketing Subsys, Linden Care's increased distribution of Subsys under Belhealth's direction, and Linden Care's revenue from Subsys. (Proposed SAC ¶¶229–57.) Relator does not add new claims nor does she name as defendants any entities unrelated to Linden Care.

"The sealing requirement is primarily intended to benefit the government by allowing the government to study the claims for possible intervention. Any benefit to the defendant is incidental." *E. Bay Mun. Util. Dist.*, 2014 WL 2611312, at *3. Here, the Relator's original complaint put the government on notice of Linden Care's potential involvement with Insys's unlawful scheme and gave it the opportunity to investigate Linden Care's affiliates, including the Belhealth entities. Notably, the government then had two years to investigate the FAC—which added the Belhealth entities as defendants—but has not intervened, nor does it argue that it was denied an opportunity to investigate the claims against the Belhealth entities. Indeed, the government does not oppose Relator's motion for leave to file a SAC. (Doc. 110.) Relator's alleged failure to comply with the seal and service requirements of the FCA is therefore no grounds to dismiss the FAC or deny her leave to file the SAC.

Finally, the Linden Defendants' reliance on this Court's May 11, 2018 order is misplaced. (Linden Opp. at 6–9.) Contrary to Linden's assertion, that order—which granted Relator in this and related matters leave to file an amended complaint on "any declined portions of the action"—was silent on whether Relators could add new defendants. (*See id*. at 8.) The Relator timely filed a FAC that added Linden and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:16-cv-07937-JLS-AJW | Date: September 17, 2020 |
| Title: United States of America et al v. INSYS Therapeutics, Inc., et al | |

Belhealth entities—all of which were related to the already-named Linden entity through ownership or shared management—and alleged facts against them that relate to the "declined portions of the action": the original complaint's allegations that Linden aided Insys in pushing Subsys through illegal means.  (*See* Compl. ¶14; FAC ¶¶ 13, 21.)  The Court therefore finds that Relator's amendments complied with its May 11, 2018 directive.

In accordance with Rule 15(a)(2)'s liberal policy for allowing amendments to pleadings, *see Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003), the Court GRANTS Relator's motion.

### IV.　CONCLUSION

Accordingly, Relator's Motion for Leave to Amend is GRANTED.  (Doc. 85.)  Defendants' motion to extend time to respond to the FAC is DENIED AS MOOT.  (Doc. 99.)  The Belhealth Defendants' motion to dismiss the FAC is DENIED AS MOOT.  (Doc. 112.)  Relator is instructed to file the SAC within **seven (7) days** of this Order.

Initials of Preparer:  mku