1 | **FENTON LAW GROUP, LLP**
2 | Nicholas D. Jurkowitz (SBN 261283)
  | njurkowitz@fentonlawgroup.com
3 | 1990 S. Bundy Drive # 777
  | Los Angeles, CA 90025
4 | Phone 310-444-5244
5 | Fax 310-444-5280

6 | *Attorneys for Defendants Linden Care, LLC, Linden Care, Inc.,*
  | *and Linden Care Holdings, Inc.*

7

8 | **IN THE UNITED STATES DISTRICT COURT**

9 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11

12 | UNITED STATES OF AMERICA ex rel. | CASE NO. 2:16-cv-07937-JLS-AJW
   | MELINA EBU-ISAAC and the States of |
13 | CALIFORNIA, COLORADO, | Hon. Josephine L. Staton
   | CONNECTICUT, DELAWARE, FLORIDA, |
   | GEORGIA, HAWAII, ILLINOIS, |
14 | INDIANA, IOWA, LOUISIANA, |
   | MASSACHUSETTS, | **LINDEN CARE, LLC, LINDEN**
15 | MICHIGAN, MINNESOTA, MONTANA, | **CARE, INC., AND LINDEN**
   | NEVADA, NEW MEXICO, NEW YORK, | **CARE HOLDINGS, INC.'S**
16 | NORTH CAROLINA, OKLAHOMA, | **NOTICE OF MOTION AND**
   | RHODE ISLAND, TENNESSEE, TEXAS, | **MOTION TO DISMISS**
17 | VERMONT, VIRGINIA, WASHINGTON, | **RELATOR-PLAINTIFF'S**
   | the CITY OF CHICAGO and the DISTRICT | **SECOND AMENDED**
18 | OF COLUMBIA, | **COMPLAINT**

19 | Relator-Plaintiff,

20 | v.

21 | INSYS THERAPEUTICS, INC. and
   | LINDEN CARE LLC, LINDEN CARE,
22 | INC., LINDEN CARE HOLDINGS, INC., | Hearing Date: November 13, 2020
   | BELHEALTH INVESTMENT PARTNERS, | Hearing Time: 10:30 am
23 | LLC, BELHEALTH INVESTMENT | Hearing Place: Ronald Reagan
   | MANAGEMENT, LLC, and BELHEALTH | Federal Building and United States
24 | INVESTMENT FUND, LP, | Courthouse, 411 W. Fourth St., Santa
   | | Ana, CA, 92701, Courtroom 10A,
25 | Defendants. | l0th Floor

26

27

28 | **LINDEN CARE, LLC, LINDEN CARE, INC., AND LINDEN CARE HOLDINGS, INC.'S NOTICE OF**
   | **MOTION AND MOTION TO DISMISS RELATOR-PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that on Friday, November 13, 2020 at 10:30 a.m., or as soon thereafter as this matter may be heard in the above-entitled Court located at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA, 92701, Courtroom 10A, l0th Floor, Defendants Linden Care LLC, Linden Care, Inc., and Linden Care Holdings, Inc. will move this Court to dismiss the Second Amended Complaint.  The basis for this motion is that the Second Amended Complaint is a shotgun pleading and fails to allege the required elements of a False Claims Act action against the aforementioned defendants.

This motion is based upon the attached Memorandum of Points and Authorities, Proposed Order, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

October 16, 2020                               FENTON LAW GROUP, LLP


                                               __/s/ Nicholas D. Jurkowitz_____
                                               Nicholas D. Jurkowitz
                                               Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**..............................................................................1

**STATEMENT OF FACTS ALLEGED IN COMPLAINT**....................................1

**LEGAL ARGUMENT** ........................................................................................2

**A.  Legal Standard On Motion to Dismiss** ..................................................2

**B.  The FAC Must Be Dismissed Because It is an Archetypal "Shotgun"
Complaint that Woefully Fails to Meet Both Fed. R. Civ. P. 8(a) and 9(b)'s
Pleading Standards.**.........................................................................................4

**C.  The SAC Should Be Dismissed Because It Fails to Plead the Elements of
a FCA claim.** ....................................................................................................9

**D.  The FAC Must Be Dismissed Because Plaintiff Fails to Meet the
Heightened Pleading Standard Required for Fraud Allegations Under Rule
9(b).** .................................................................................................................18

**E.  The Complaint should Be Dismissed, as it is Prolix** .........................21

**F.  Relator-Plaintiffs Causes of Action Pertaining to Payment by Mistake
Must Be Dismissed** ........................................................................................23

**G.  Relator-Plaintiff's Remaining Non-Federal Claims Should Be Dismissed**
24

1

**CONCLUSION** ................................................................................................25

2

3

4

5

6

7

8

9

**TABLE OF AUTHORITIES**

10

**Cases**

11

**Pages(s)**

12

13

Aflatooni,

14

    314 F.3d .................................................................................................18

15

Ashcroft v. Iqbal,

16

    556 U.S. 662 (2009) ..................................................................................3

17

Bell Atl. Corp. v. Twombly,

18

    550 U.S. 544 (2007) ....................................................................3, 12, 18

19

20

Bly–Magee v. California,

21

    236 F.3d 1014 (9th Cir.2001) ..................................................................19

22

Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,

23

    637 F.3d 1047 (9th Cir. 2011) ......................................................18,19,22

24

Carnegie-Mellon Univ. v. Cohill,

25

    484 U.S. 343 (1988) ................................................................................24

26

27

Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),

28

42 F.3d 1541 (9th Cir.1994) (en banc) ...................................................................9

Destfino v. Reiswig,
   630 F.3d 952 (9th Cir.2011) ...........................................................................5,7

Ebeid ex rel. United States v. Lungwitz,
   616 F.3d 993 (9th Cir. 2010) ..............................................................3, 9, 16, 19

Erickson v. Kiddie,
   1986 WL 544 (N.D. Cal. 1986) ......................................................................8

Halifax Hosp. Med. Ctr.,
   2013 WL 6017329 .......................................................................................23

Hatch v. Reliance Ins. Co.,
   758 F.2d 409  (9th Cir.1985) .........................................................................22

Herklotz v. Parkinson,
   848 F.3d 894 (9th Cir. 2017) .........................................................................25

Honeywell Int'l, Inc. v. Phillips Petroleum Co.,
   415 F.3d 429 (5th Cir. 2005) .........................................................................25

Kazenercom Too v. Turan Petroleum, Inc.,
   No. SACV0900059JVSMLGX, 2009 WL 10679984, n.1 (C.D. Cal. June 9, 2009) ....6

Khasin v. R. C. Bigelow, Inc.,
   No. 12-CV-02204-WHO, 2015 WL 4104868 (N.D. Cal. July 7, 2015).....................23

Mortgages Ltd.,
   No. 2:08-BK-07465-RJH, 2013 WL 1336830 (Bankr. D. Ariz. Mar. 29, 2013).passim

S.E.C. v. Fraser,
   No. CV-09-00443-PHX-GMS, 2010 WL 5776401 (D. Ariz. Jan. 28, 2010) ...............4

Sec. & Exch. Comm'n v. Bardman,
   216 F. Supp. 3d 1041 (N.D. Cal. 2016) ........................................................8

Shin v. Time Squared Glob., LLC,
   No. SACV1500943AGGJSX, 2015 WL 13284952 (C.D. Cal. Aug. 26, 2015) ...... 3,43

Silicon Graphics, Inc. Sec. Litig.,
   970 F.Supp. 746 (N.D. Cal. 1997) ..............................................................8

Skilstaf, Inc. v. CVS Caremark Corp.,
   669 F.3d 1005 (9th Cir. 2012) ....................................................................3

U.S. ex rel. Hopper v. Anton,
   91 F.3d 1261 (9th Cir. 1996) ......................................................................17

U.S. ex rel. Lee v. SmithKline Beecham, Inc.,
   245 F.3d 1048 (9th Cir. 2001) ....................................................................3

U.S. ex rel. Ruhe v. Masimo Corp.,
   977 F. Supp. 2d 981 (C.D. Cal. 2013), aff'd, 640 F. App'x 666 (9th Cir. 2016) 9,10,12

U.S. v. Rivera,
   55 3d. 703 (1st Cir 1995) ...........................................................................17

United Mine Workers of America v. Gibbs,
   383 U.S. 715 (1966) ...................................................................................24

United States ex rel. Clausen v. Lab Corp. of Am.,
   290 F.3d 1301 (11th Cir. 2002) ................................................................17, 18

United States ex rel. Hendow v. Univ. of Phoenix,
   461 F.3d 1166 (9th Cir.2006) ....................................................................9,17

iv

United States v. Adams,
    371 F. Supp. 3d 1195 (N.D. Ga. 2019)................................................23

United States v. Bourseau,
    531 F.3d 1159 (9th Cir. 2008) ..................................................17

United States v. Corinthian Colleges,
    655 F.3d 984 ...............................................................4,10

United States v. Mead,
    426 F.2d 118 (9th Cir. 1970)..................................................24

United States v. Medica-Rents Co.,
    285 F. Supp. 2d 742 (N.D. Tex. 2003) .........................................23

United States v. Wurts,
    303 U.S. 414, 58 S.Ct..........................................................24

Universal Health Servs., Inc. v. United States ex rel. Escobar,
    136 S. Ct. 1989, 195 L.Ed.2d 348 (2016) ......................................13

Vess v. Ciba–Geigy Corp. USA,
    317 F.3d 1097 (9th Cir. 2003) ...............................................3,19

Vibe Micro, Inc. v. Shabanets,
    878 F.3d 1291 (11th Cir. 2018) ................................................4

Wagner v. First Horizon Pharm. Corp.,
    464 F.3d 1273 (11th Cir.2006) ................................................6

Zinzuwadia v. MERS,
    No. 2:12–cv–02281–KJM–KJN PS, 2012 WL 6737837 (E.D.Cal. Dec. 28, 2012) ....7

v

**Statutes**

28 U.S.C. § 1367(a) ........................................................................................25

31 U.S.C. § 3729(a)(1) ...................................................................................17

31 U.S.C. § 3729(a)(2) ...................................................................................17

31 U.S.C. § 3729(b)(4) ...................................................................................13

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................passim

Fed. R. Civ. P. 8(a) ..................................................................1, 4, 7, 9-12, 19

Fed. R. Civ. P 8(a)(2) ..................................................................................3, 8

Fed. R. Civ. P. 12(b)(6) ...............................................................................1, 3

## MOVANTS, LINDEN CARE, LLC, LINDEN CARE, INC., AND LINDEN CARE HOLDING, INC., MOTION TO DISMISS RELATOR-PLAINTIFF'S FIRST AMEDNED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Linden Care, LLC, Linden Care Inc., and Linden Care Holdings, Inc. (collectively, the "Linden Care Defendants") move to dismiss the Relator-Plaintiff's second amended complaint (the "SAC") (ECF No. 129) filed by Plaintiff-Relator Melina Ebu-Isaac ("Plaintiff-Relator") and, in support, state as follows:

### PRELIMINARY STATEMENT

Relator-Plaintiff's SAC should be dismissed as a shotgun pleading. Moreover, in addition to properly pleading the elements to allege a False Claims Act ("FCA") violation, the SAC fails to meet Federal Rule of Civil Procedure 8(a), as well as the heightened pleading standard prescribed by FRCP 9(b) when alleging fraud. Additionally, the SAC is prolix, alleging an inordinate number of confused and inconsistent allegations, without any indication of how, or whether, these allegations are tied to the Linden Care Defendants' alleged violations of the False Claims Act. Additionally, Relator-Plaintiff's claims or unjust enrichment as well as state-level FCA corollaries must be dismissed. For these reasons, as further detailed below, the Linden Care Defendants respectfully request that the Court dismiss the SAC.

### STATEMENT OF FACTS ALLEGED IN COMPLAINT

On October 25, 2016, the original complaint in this matter was filed against Insys Therapeutics, Inc., and Linden Care, LLC alleging violations of the FCA (the "Original Complaint"). (ECF No. 1.)

On May 11, 2018, the Court permitted the Relator-Plaintiff to file an amended complaint on declined upon portions of the action. ("May 11th Order") (ECF No. 29.)

On May 15, 2018, the Government filed its Intervenor Complaint, intervening only as to Insys. (ECF No. 30.)

On August 13, 2018, Relator-Plaintiff filed her FAC which named five additional defendants, including Linden Care, Inc., Linden Care Holdings, Inc. and three BelHealth Entities (the "BelHealth Defendants"). (ECF No. 56.)

On or around June 22, 2020, the First Amended Complaint and proposed SAC were served on Linden Care, LLC, Linden Care, Inc., and Linden Care Holdings, Inc, along with Relator-Plaintiff's motion for leave to file the SAC.

On September 18, 2020, following the Court's order granting Relator-Plaintiff's Motion for Leave to File the SAC, Relator-Plaintiff filed the SAC. (ECF No. 129).

On October 2, 2020, the Court granted Relator-Plaintiff and the Linden Care Defendants' joint stipulation to extend the deadline by which the Linden Care Defendants have to respond to the SAC, through October 16, 2020. (ECF No. 137).

## LEGAL ARGUMENT

### A. Legal Standard On Motion to Dismiss

2

The Court may dismiss a complaint that fails to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 8(a)(2), a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A court must grant a motion to dismiss when, 'accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party,' a complaint fails to state a claim upon which relief can be granted." <u>Skilstaf, Inc. v. CVS Caremark Corp.</u>, 669 F.3d 1005, 1014 (9th Cir. 2012); <u>see</u> Fed. R. Civ. P. 12(b)(6). <u>Shin v. Time Squared Glob., LLC</u>, No. SACV1500943AGGJSX, 2015 WL 13284952, at *1 (C.D. Cal. Aug. 26, 2015). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). As such, pleadings must be "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 <u>U.S.</u> 544, 555 (2007).

Moreover, complaints brought under the FCA must fulfill the requirements of Rule 9(b). <u>U.S. ex rel. Lee v. SmithKline Beecham, Inc.</u>, 245 F.3d 1048, 1051 (9th Cir. 2001). To plead with particularity the circumstances constituting the alleged fraud, "…the plaintiff must allege 'the who, what, when, where, and how of the misconduct charged,' <u>Ebeid ex rel. United States v. Lungwitz</u>, 616 F.3d 993, 998 (9th Cir. 2010) (quoting <u>Vess v. Ciba–Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003)),

including what is false or misleading about a statement, and why it is false." <u>see id</u>. Knowledge, however, may be pled generally." <u>United States v. Corinthian Colleges</u>, 655 F.3d 984, 996.

Pursuant to the above legal standards, the Linden Care Defendants respectfully submit that the SAC should be dismissed as set forth below.

**B.** **<u>The FAC Must Be Dismissed Because It is an Archetypal "Shotgun" Complaint that Woefully Fails to Meet Both Fed. R. Civ. P. 8(a) and 9(b)'s Pleading Standards.</u>**

The SAC is a shotgun pleading and must be dismissed. "Shotgun pleadings [are those which] overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable… [p]laintiffs must give the defendants a clear statement about what the defendants allegedly did wrong." <u>Shin</u>, 2015 WL 13284952, at *2 (C.D. Cal. Aug. 26, 2015). Shotgun complaints require dismissal. See Id.; <u>S.E.C. v. Fraser</u>, No. CV-09-00443-PHX-GMS, 2010 WL 5776401, at *4 (D. Ariz. Jan. 28, 2010); <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291 (11th Cir. 2018).

The SAC is a shotgun complaint in every aspect of the term. To be sure, within the 9th circuit,

> a 'shotgun pleading' can take [at least] two forms. First, it can happen when one party pleads *multiple parties* did an act, without identifying which party did what specifically. Second, it can happen when one party pleads multiple counts, and does not identify which specific facts fit that Count *in that very Count,* but instead rely on a

4

blanket incorporation clause that incorporates *all* of the statement of facts."

[In re Mortgages Ltd., No. 2:08-BK-07465-RJH, 2013 WL 1336830, at *12 (Bankr. D. Ariz. Mar. 29, 2013) citing Destfino v. Reiswig, 630 F.3d 952, 958–959 (9th Cir.2011). [emphasis supplied.]   The SAC falls into both categories of shotgun pleading, warranting dismissal. We address each in turn.

First, the SAC, falling into the first category of shotgun pleading articulated above, fails to distinguish between the Linden Care Defendants. To begin with, the SAC defines Linden Care, LLC, Linden Care, Inc. and Linden Care Holdings, Inc. collectively as "Linden Care." Although the SAC defines Linden Care, LLC as a licensee "…provider of specialty pharmacy services" (SAC at 10), neither Linden Care, Inc., nor Linden Care Holdings, Inc. are alleged to carry such designation. (SAC at 11, 12.) Notwithstanding the differing functions of the entities as described within the SAC (i.e., licensee versus non-licensee), which, alone, demand distinction between the entities, Relator-Plaintiff provides absolutely no explanation as to why lumping these three entities together is appropriate or permissible. In addition to failing to distinguish between each of the three Linden Care Defendants, each of the SAC's 34 counts mention only "Defendants," from which there are seven to choose, without any mention as to which defendant – or defendants – that count is intended to relate, or what each defendant (or defendants) did to warrant inclusion within that particular count.

In holding that a complaint was a shotgun pleading, the Court in <u>In re Mortgage</u> stated, that "[b]y not identifying specific Defendants, Defendants are left guessing who did what, raising the transaction costs for discovery and future cooperation. This hurts not only the Defendants, but the Plaintiffs and the Court as well. Thus, the Plaintiff must plead *specific* Defendants did *specific* acts. The Plaintiff here did neither." 2013 WL 1336830, at *15. The SAC clearly falls into the first category of shotgun pleading by lumping defendants together in both of the instances described above.

The second type of "[s]hotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief …" <u>Kazenercom Too v. Turan Petroleum, Inc.</u>, No. SACV0900059JVSMLGX, 2009 WL 10679984, at *1, n.1 (C.D. Cal. June 9, 2009) <u>quoting</u> <u>Wagner v. First Horizon Pharm. Corp.</u>, 464 F.3d 1273, 1279 (11th Cir.2006). Plaintiffs, including Relator-Plaintiff, are required to "…plead separate counts *separately*. Incorporation clauses are only allowed when either (a) they incorporate specifically (by page or paragraph); or (b) the statement of facts is so short and counts pled so limited as to make general incorporation harmless." <u>In re Mortgages Ltd.</u>, 2013 WL 1336830, at *15 (emphasis supplied). In the SAC, the Relator-Plaintiff incorporates into each count, each and every allegation and count preceding it, without specific reference – by paragraph or page – as to which specific allegations are meant to be incorporated. <u>See</u>, <u>e.g.</u>, <u>SAC</u> at

314, 321, 324, 333, 339, 511 ("Relator restates and incorporates each and every allegation above as if the same were fully set forth herein," appearing in each and every count). Such reincorporation, without specification as to which specific paragraphs are to be incorporated, serves no purpose and does nothing to illuminate the nature of the charge or which of the defendants are alleged to have engaged in which conduct. Moreover, the statement of facts, at 313 paragraphs (and over 100 pages), is hardly short enough so as to make general incorporation "harmless." As such, the SAC very clearly falls into the second category of shotgun pleading and must be dismissed as such.

Shotgun complaints, by their very nature, fall short of meeting the pleading standards of Rules 8(a) and 9(b), requiring the SAC's dismissal. Indeed, "[w]hile there may be no explicit Ninth Circuit precedent explicitly holding that shotgun pleadings can violate a 'short and plain' statement requirement, at least one case indirectly held that it did. Further, many federal district judges in the Ninth Circuit have amply incorporated the substance of the shotgun pleading rule, whether referring to it explicitly or implicitly." In re Mortgages Ltd., 2013 WL 1336830, at *14 citing Destfino v. Reiswig, 630 F.3d 952, 958–959 (9th Cir.2011) and Zinzuwadia v. MERS, No. 2:12–cv–02281–KJM–KJN PS, 2012 WL 6737837, at *6–8 (E.D.Cal. Dec. 28, 2012).

Moreover, the SAC, as a shotgun complaint, runs afoul of the requirements of Rule 9(b).

> It should be noted that although independent, the analysis between F.R.Civ.P 8(a)(2) and 9(b) reinforces each other. Thus, a finding that a Count is governed by the fraud/mistake particularity requirement of 9(b) *lowers* the threshold for when a shotgun pleading violates "short and plain" statement requirement of 8(a)(2), because that lack of particularity, although short is not plain but remains clouded in generalities. On the flip side, finding that a shotgun pleading violates "short and plain" lowers the threshold for when that Complaint fails to plead fraud/mistake with particularity, because the shotgun pleader serves to hide the ball by not pleading facts in the particular location required (in the Count or specifically incorporated). Simply put, general incorporation clauses in shotgun pleadings are not very particular, nor very plainly understood because they force the reader to go on a needless treasure hunt through the statement of facts.

[In re Mortgages Ltd., 2013 WL 1336830, at *15–16.]

Moreover, in order to meet the pleading threshold articulated within Rule 9(b), the Plaintiff must "distinguish among those they sue and enlighten each defendant as to his or her alleged fraud." Sec. & Exch. Comm'n v. Bardman, 216 F. Supp. 3d 1041, 1051 (N.D. Cal. 2016) citing In re Silicon Graphics, Inc. Sec. Litig., 970 F.Supp. 746, 752 (N.D. Cal. 1997) (quoting Erickson v. Kiddie, 1986 WL 544, *7 (N.D. Cal. 1986)). Relator's failure to distinguish between the Linden Care Defendants throughout the SAC and failure to distinguish between the seven defendants throughout the counts, combined with Relator-Plaintiff's blanket incorporation clauses of statement of fact in

all counts renders the SAC a prototypical shotgun complaint, which violates Rules 8(a) and 9(b), and requires dismissal.

### C. The SAC Should Be Dismissed Because It Fails to Plead the Elements of a FCA claim.

The SAC should be dismissed because it fails to plead the elements of a FCA claim. A civil action for False Claims Act liability requires, under a prototypical factual false claims act allegation, that four essential elements be plead: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." U.S. ex rel. Ruhe v. Masimo Corp., 977 F. Supp. 2d 981, 991 (C.D. Cal. 2013), aff'd, 640 F. App'x 666 (9th Cir. 2016) quoting United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d 1166, 1174 (9th Cir.2006). As detailed below, the SAC fails with regard to each element.

a) The SAC Fails to Adequately Plead Falsity

To properly plead "falsity" under the FCA, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." Ebeid, 616 F.3d, at *998 quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994) (en banc)). The SAC is bereft of such factual allegations; as Relator-Plaintiff failed to articulate the reasons the claims were false or to link the alleged falsity to any particular allegations, the SAC has failed to appropriately plead falsity.

Moreover, without the SAC's iteration of which allegation or set of allegations pertains to the falsity, it is impossible to properly plead that defendants <u>knew</u> of the falsity, which is further explored below.

b) <u>The SAC Fails to Appropriately Plead Scienter</u>

"Scienter requires a showing that the defendant made statements that were "'intentional, palpable lie[s],' made with 'knowledge of the falsity.'" <u>Ruhe</u>, 977 F. Supp. 2d, at *991 (C.D. Cal. 2013), <u>aff'd,</u> 640 F. App'x 666 (9th Cir. 2016) <u>quoting Univ. of Phoenix</u>, 461 F.3d at 1175. In the context of FCA cases, despite the heightened pleading standard for fraud under Rule 9(b), knowledge need only be plead generally in accord with Rule 8(a). <u>Corinthian Colls.,</u> 655 F.3d 984, 992 (9th Cir. 2011 <u>citing</u> Fed. R. Civ. P. 9(b))("conditions of a persons [sic] mind… including scienter, can be alleged generally.").

As it does with the falsity element, the SAC falls short of appropriately pleading the scienter requirement, notwithstanding the relaxed standard. The scienter requirement relates to the knowledge pertaining to the falsity itself – i.e., that the defendant had *knowledge pertaining to the falsity of the claim* (<u>See</u> <u>Ruhe</u> 977 F. Supp. 2d, at *991 (C.D. Cal. 2013)) (emphasis added), as distinct from knowledge of other items (e.g., knowledge that claims were submitted, or knowledge of participation in a particular program, as further delineated below). The SAC makes reference, in many instances, to the Linden Care Defendants' knowledge of various items; however, such

references, in their various attempts to plead the knowledge element appropriately, are insufficient to allege knowledge of the falsity under Rule 8(a).

Below are instances taken from the SAC which contain reference to the Linden Care Defendants' scienter, none of which appropriately plead knowledge of the falsity of the claim, which is the standard for pleading a false claims act violation.

- "Linden Care…knowingly took advantage of the opioid epidemic, and endangered the lives of numerous patients, all for the sake of maximizing profits." (SAC at 206.)

- "Linden Care knowingly caused false claims to be submitted to the Medicare program and made or caused to be made false statements that were material to such claims." (Id. at 218.)

- "Belhealth allowed Linden Care to knowingly participate in Insys's 'Super-Voucher' program, which was one of Insys's sales tools that offered free units of Subsys to certain patients." (Id. at *238.)

- "Linden Care…was aware that the natural and probable consequences of its illegal distribution of Subsys was that health care providers would submit claims for payment to Government Health Care Programs for said distribution. Notwithstanding this knowledge, Linden Care…illegally distributed Subsys without any thought as to the potential harm to patients." (Id. at *265 – 266.)

- "Linden Care did so notwithstanding that it knew or recklessly disregarded the fact that (1) Schedule II controlled substances could not be legally dispensed without a valid prescription; (2) Linden Care's pharmacists were dispensing Schedule II controlled substances without a valid prescription; and (3) drugs dispensed without a valid prescription are not payable under Medicare Part D… Linden Care knowingly caused false claims to be submitted to the Medicare program and made or caused to be made false statements that were material to such claims" (Id.. at *218.) This statement, from what the Linden Care Defendants can gather, is intended to relate to an extremely limited portion of claims or conduct intended to be included within the Action.

At best, the above can be characterized as "formulaic recitation of a cause of action's elements [and] will not do." Twombly, 550 U.S., at *545, 127 S. Ct., at *1959, which fails to satisfy Rule 8(a), let alone the more demanding and governing pleading standard articulated in 9(b). What must be pled to satisfy the "knowing" standard is well-established in this Court. See e.g., Ruhe 977 F. Supp. 2d, at *991 (C.D. Cal. 2013)). Plaintiffs have plainly failed to follow the Court's direction, providing the Linden Care Defendants with numerous iterations of the standard, depriving the Linden Care Defendants of the notice required to appropriately defend themselves in this Action. Due to its failure to appropriately plead scienter within the context of the FCA, the SAC warrants dismissal.

c) <u>The SAC Fails to Properly Plead Materiality</u>

Third, the SAC also fails to satisfactorily plead an FCA claim because it fails to allege that the Defendant Pharmacies' purported conduct was material to the payment decision made by federal payors. <u>Universal Health Servs., Inc. v. United States ex rel. Escobar</u>, 136 S. Ct. 1989, 195 L.Ed.2d 348 (2016). Pursuant to the holding in <u>Escobar</u>, the Supreme Court has recognized that a defendant may impliedly certify compliance with applicable law in a way that gives rise to FCA liability as follows: "the implied certification theory can be a basis for FCA liability. Specifically, liability can attach when the defendant submits a claim for payment that makes specific representations about the goods or services provided, but knowingly fails to disclose the defendant's noncompliance with a statutory, regulatory, or contractual requirement." <u>Id</u>. at *1995. <u>Escobar</u> makes clear that for liability to attach in these instances, the misrepresentation as to the noncompliant underlying behavior must be *material* to the government's decision to pay the claim. <u>Id</u>. at 1996.  In other words, even where a defendant does, in fact, submit a claim for payment but knowingly fails to disclose the defendant's noncompliance with legal or contractual prerequisites that does, in fact, the defendant is not liable under the FCA unless materiality is properly pled as well.

"Materiality" means "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." § 3729(b)(4). <u>Id.</u> at *1996.

13

The materiality standard is a "demanding" one and, likewise, the "False Claims Act is not 'an all-purpose antifraud statute' … or a vehicle for punishing garden-variety breaches of contract or regulatory violations." Id. at *2003. As a corollary, materiality "cannot be found where noncompliance is minor or insubstantial." Id.

- While Relator-Plaintiff uses the buzzword "materiality' throughout the SAC, nowhere does he actually plead underlying facts that would tend to make the alleged misconduct under the FCA. Representative examples of this are laid out below: "The fact that the United States paid for false and fraudulent claims subsequent to the filing of this action does not negate the materiality of the Defendants' conduct and noncompliance." (SAC at 73, 270, 319 …)

- "As a direct, proximate and foreseeable result of LINDEN CARE's dispensing of Schedule II drugs without a valid prescription, LINDEN CARE knowingly caused false claims to be submitted to the Medicare program and made or caused to be made false statements that were material to such claims." (Id. at 218.)

- "By virtue of the acts described above, Defendants knowingly made and/or used, or caused to be made or used, false records and/or statements material to false or fraudulent claims for payment or approval of SUBSYS, or treatments involving SUBSYS, to officers, employees or agents of the United States Government." (Id. at 292.)

14

- "The amounts of the false or fraudulent claims caused by Defendants to be submitted to the United States were material." (Id. at 294.)

- "As a direct and proximate consequence of Defendants' conspiratorial conduct, the United States has suffered significant, material financial damages in an amount to be proved at trial." (Id. at 295.)

As held in Escobar, to be actionable under the False Claims Act, a false record or statement must be material to the Government's decision to pay the claim. See Escobar, supra. The standard is clear, and Relator should not be permitted to muddy that standard through various iterations in their pleadings. Further, the Linden Care Defendants should not be forced to pick and choose which standard of materiality has been appropriately plead to conform to this standard and defend themselves, nor should they be forced to respond and defend each of them. Further, even though Relator-Plaintiff pleads, in each count, that the United States paid false claims "that would otherwise not have been allowed" (see e.g., SAC at 317), in what appears to be an attempt to plead materiality, it is completely unclear as to the reason (or falsity) that Relator-Plaintiff is alleging that the payment would "otherwise not have been allowed." As such, the Relator has failed to properly plead materiality for purposes of the False Claims Act and, therefore, the SAC should be dismissed.

d) The SAC fails to appropriately allege that the Government paid the allegedly false claims

Additionally, Relator-Plaintiff does not plead with particularity under Rule 9(b), which is further discussed below that moneys had been paid out by the Government, which is an element required to be plead under the FCA to plead a viable claim. Case law makes it clear that this element may be appropriately plead by way of providing representative examples of payment, or by pleading a reasonable basis such that an inference can be made that the government made the requested payment. See Ebeid, 616 F.3d 993, 999 ("Likewise, a plaintiff may, but need not, provide representative examples to establish the payment element of the prima facie case. The Rule 9(b) standard may be satisfied by pleading with particularity a reasonable basis to infer that the government either paid money or forfeited moneys due.").

Though Relator-Plaintiff states that the Government paid false or fraudulent claims presented to it (see, e.g., SAC at 317), it does not provide a factual predicate or reasonable basis from which the Linden Care Defendants are able to infer that this is the case. Moreover, while this element may be able to be satisfied through pleading representative examples, Relator-Plaintiff attempts to utilize, as a representative example, an anecdote of one patient who was allegedly dispensed 18 Subsys prescriptions (SAC at 311); Notwithstanding that reference to one patient is hardly a representative example, Relator-Plaintiff only specifically pleads that the Government paid for this patient's prescriptions in only one instance. (SAC at 288.) Such pleadings are insufficient to demonstrate that the Government paid the claims allegedly at issue.

e) <u>The SAC Fails to Allege Submission of a Claim</u>

Finally, and most fatally, the SAC fails to allege the submission of a claim. <u>*See* United States ex rel. Clausen v. Lab Corp. of Am.*,</u> 290 F.3d 1301, 1311 (11th Cir. 2002)(holding that the "sine qua non of a False Claims Act arises from the submission of a fraudulent claim to the government, not the disregard of government regulations or failure to maintain proper internal procedures."); <u>U.S. ex rel. Hopper v. Anton</u>, 91 F.3d 1261, 1266 (9th Cir. 1996) citing <u>U.S. v. Rivera</u>, 55 3d. 703, 709 (1st Cir 1995)("[t]he [False Claims] Act attaches liability, not to underlying fraudulent activity, **but to the 'claim for payment.'**")[emphasis added]; <u>Hendow</u>, 461 F.3d, at *1173 ("…[M]ost obviously, for a false statement or course of action to be actionable under the false certification theory of false claims liability, it is necessary that it involve an actual *claim,* which is to say, a call on the government fisc. This is self-evident from the statutory language, of course, which requires a "claim paid or approved by the Government." quoting 31 U.S.C. § 3729(a)(2)); <u>United States v. Bourseau</u>, 531 F.3d 1159, 1169 (9th Cir. 2008)(Presentment is an element in a cause of action under § 3729(a)(1), which punishes someone who "knowingly *presents, or causes to be presented,* to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1))[emphasis supplied].

While Relator-Plaintiff states, "EnvisionRx authorized, and Linden Care dispensed…" medication to a particular patient (SAC at 292), inferring claims had been submitted to the Government, such inference of submission is not, other than a conclusory allegation, present in any other claims. While Relator-Plaintiff's causes of action reference that "Defendants" (again, without regard to *which* of the defendants named in the SAC) "presented, or caused to be presented, false or fraudulent claims for payment or approval of Subsys," this statement, as further described below, is nothing more than a "formulaic recitation of a cause of action's elements [and] will not do." Twombly, 550 U.S., at *545, 127 S. Ct., at *1959 [emphasis added].

It is clear that there needs to be some basis to support that claims had been submitted, which Relator-Plaintiff has failed to provide, insufficiently pleading the sine qua non of a false claim, a fatal flaw warranting dismissal. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) citing Aflatooni, 314 F.3d at 1002 ("It is not enough ... 'to describe a [fraudulent] scheme in detail but then to allege simply and without any stated reason ... that claims requesting illegal payments must have been submitted.'" (quoting Clausen, 290 F.3d at 1311)).

## D. **The FAC Must Be Dismissed Because Plaintiff Fails to Meet the Heightened Pleading Standard Required for Fraud Allegations Under Rule 9(b).**

Plaintiff fails to meet the heightened pleading standard for fraud cases under Rule 9(b) and as such the FAC must be dismissed as insufficiently pled. Generally,

pleading standards under 8(a) are all that are required to be plead. However, claims of fraud grounded in the False Claims Act are subject to Rule 9(b), <u>Cafasso</u>, 637 F.3d 1047, 1054 <u>citing</u> <u>Bly–Magee v. California</u>, 236 F.3d 1014, 1018 (9th Cir.2001), under which a plaintiff "must state with particularity the circumstances constituting fraud." <u>Cafasso</u>, 637 F.3d 1047, 1054 <u>quoting</u> Fed. R. Civ. P. 9(b). To plead with particularity the circumstances constituting the alleged fraud, "…the plaintiff must allege 'the who, what, when, where, and how of the misconduct charged,' (<u>Ebeid</u>, 616 F.3d 993, 998 <u>quoting</u> <u>Vess v. Ciba–Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003)), including what is false or misleading about a statement, and why it is false. <u>Id</u>.

To begin, Relator-Plaintiff fails to appropriately plead the "who" required for particular pleadings of fraud and, resultantly, fails short of reaching the heightened pleading standards articulated in Rule 9(b) by lumping all of the Linden Care Defendants together throughout the SAC and, separately, by failing to distinguish between Defendants in the counts.

Moreover, the counts themselves are so ambiguous that they cannot be found to meet 9(b)'s particularity standard. To be sure, each of the counts states, "Defendants knowingly presented, *or caused to be presented*, false or fraudulent claims for payment or approval of Subys, *or treatments involving Subsys*, to … the United States Government." (See e.g., para 316) (emphasis added). First, it is impossible to determine, from the body of the SAC whether – or in which instances – claims were

submitted, when they were submitted, or by whom, such that the SAC plainly fails to meet the pleading threshold of Rule 9(b). As mentioned above, pleading "Defendants" as a whole within the SAC's counts violates Rule 9(b), as it fails to provide particularity pertaining to the "who." In re Mortgages Ltd., 2013 WL 1336830, at *15–16 (" Incorporating at least part of the shotgun pleading rule, a Plaintiff does not plead the "who" of fraud with *particularity* when used the *generalized* term "Defendants," instead of identifying a particular Defendant when pleading the particular Defendant's role in the fraudulent conduct."). In this case, lumping each of the defendants together without any delineation in the action between them results in a complete lack of clarity in each of the defendants' roles in the submission or causation of the submission of the claim – which defendant(s) submitted the claims versus which defendant(s) caused the submission of the claim? Furthermore, each of the SAC's counts reference submission of claims for payment of approval of "…Subsys, *or treatments involving Subsys.*" (See e.g., SAC at 316) (emphasis added), again leaving the Linden Care Defendants with a lack of notice as to what, exactly, claims were alleged to have been submitted for (i.e., did the claims submitted relate to Subsys, or some treatment tangentially "involving" Subsys?)

We note that the lack of clarity here is further compounded by the SAC's reference to its dispensing of controlled substances generally, without regard to dispensing Subsys in particular (see SAC at 219). Additionally, though the counts

mention claims that are "false or fraudulent" (see e.g., SAC at 316), Relator-Plaintiff

does nothing - aside from reincorporating each paragraph preceding it -  to guide the

Linden Care Defendants as to what exactly made those claims false or fraudulent; the

Linden Care Defendants should not be forced to scour the preceding 313 allegations

(which number only increases per count) in order to pick out which of the allegations

plead were intended to pertain to the claims' falsity.

     The SAC falls short of pleading the alleged fraud with particularity required by

Rule 9(b) in other ways, as well. For example, the SAC references Linden Care's

breach of a duty, or failure to adhere to a specific protocol (see, e.g., SAC at 126, 205,

240) without any articulated reason as to how these "breaches" or "failures" were

false, or how they resulted in the submission of a claim or were material to the

government's payment decision. Further, Relator-Plaintiff's count states that some

"Subsys prescriptions [for which claims were submitted]…were legitimate," (SAC at

319), depriving the Linden Care Defendants of fair notice as to in which instances

prescriptions for Subsys were legitimate versus those in which they were not. In

essence, though the SAC's statement of facts is 313 paragraphs long, the Linden Care

Defendants are left scratching their heads as to which allegations across those 313

paragraphs are material to Relator-Plaintiff's the actual cause of action.

     **E. The Complaint should Be Dismissed, as it is Prolix**

Finally, the Court is within its discretion dismiss a complaint given its "extraordinary prolixity." <u>Cafasso</u>, 637 F.3d, at *1058–59. In this case, the proposed SAC is 213 pages and, nonetheless, has not met the pleading standards articulated above. Further, as described above, it is, throughout its factual allegations spanning 313 paragraphs and well over 100 pages are, in many instances conclusory and, in others, confusing. Additionally, notwithstanding the page amount, each of the three Linden Care Defendants have been lumped into one category - "Linden Care" - for purposes of allegations, and all seven of the SAC's defendants have been lumped into another category (merely "Defendants") in pleading each of the 34 causes of action. Moreover, while concepts are briefly broached and never again mentioned throughout the balance of the complaint, standards of law which have been well settled have been plead by Relator-Plaintiff over and over in different ways leaving Linden Care Defendants in the dark as to which one the SAC intends that they defend (e.g., materiality; scienter). For this reason, the SAC must be dismissed. <u>See</u> <u>Hatch v. Reliance Ins. Co.</u>, 758 F.2d 409, 415 (9th Cir.1985) (dismissing a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"); <u>In re Mortgages Ltd.</u>, 2013 WL 1336830, at *15 (referencing the problematic nature of a 70 page complaint, 60 pages of which make up the statement of facts, especially when combined with "…shotgun pleading clauses and terms which vaguely incorporate unspecified parts of the statement of facts…or leave unnamed specific Defendants.").

### F. <u>Relator-Plaintiffs Causes of Action Pertaining to Payment by Mistake Must Be Dismissed</u>

Relator-Plaintiff's causes of action pertaining to payment by mistake and unjust enrichment must be dismissed. Because such claims are not independent legal claims, (<u>Khasin v. R. C. Bigelow, Inc.,</u> No. 12-CV-02204-WHO, 2015 WL 4104868, at *1 (N.D. Cal. July 7, 2015)("[u]nder California law, unjust enrichment is a theory of recovery, not an independent legal claim.), these cause of action must fail, as the causes of action alleged under the FCA must be dismissed.

Moreover, with regard to a claim for payment by mistake, "the government is entitled to reimbursement for payments ... where it is shown: (1) payments were made (2) under the belief that they were properly owed; (3) that belief being erroneously formed; and (4) the mistaken belief was material to the decision to pay." <u>United States v. Adams</u>, 371 F. Supp. 3d 1195, 1217 (N.D. Ga. 2019) quoting <u>United States v. Medica-Rents Co.</u>, 285 F. Supp. 2d 742, 776 (N.D. Tex. 2003), aff'd sub nom (internal quotation marks and citation omitted); <u>see also</u> <u>Halifax Hosp. Med. Ctr.</u>, 2013 WL 6017329, at *7. As stated above, Relator-Plaintiff has not appropriately plead that payments were made, nor was it appropriately plead that such hypothetical payment resulted from an erroneous belief on the part of the Government.

Most fatally, however, Relator-Plaintiff has failed to plead that the "mistaken belief," if one existed, was material to the decision to pay the funds. Indeed, only "[i]f the government made these payments under an erroneous belief which was material

to the decision to pay, it is entitled to recover the payments." <u>United States v. Mead</u>, 426 F.2d 118, 124 (9th Cir. 1970) citing <u>United States v. Wurts</u>, 303 U.S. 414, 58 S.Ct. 637. As detailed above, Relator-Plaintiff has failed to demonstrate that the alleged falsity of the claims was material to the government's payment decision. We iterate that same sentiment here, and state that the elements of unjust enrichment have not been appropriately plead such that these causes of action warrant dismissal.

### G. <u>Relator-Plaintiff's Remaining Non-Federal Claims Should Be Dismissed</u>

As demonstrated above, the SAC, as it relates to claims submitted to the Federal Government, should be dismissed, leaving a number of counts predicated upon the alleged submission of claims to States and territories, which are based-upon upon state- and territory-level corollaries of the Federal FCA (<u>SAC</u> at 343-692). Each of these causes of action have pleading standards analogous, or substantially similar, to the Federal FCA and, thus, must be dismissed on the bases articulated above.

Moreover, because these claims do not pose a federal question, the Court need not maintain jurisdiction over those non-federal causes of action; those counts should be dismissed. <u>See</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988) (<u>citing</u> <u>Rosado v. Wyman</u>, 397 U.S. 397, 403-05 (1970)(Clarifying that the statement made in <u>United Mine Workers of America v. Gibbs</u>, that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well," 383 U.S. 715, 726 (1966), "…simply recognizes that in the usual case in which all federal-law claims are

24

eliminated before trial, the balance of factors will be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – **will point toward declining to exercise jurisdiction over the remaining state-law claims**.” Cohill, 484 U.S. 343, 350 (emphasis added); Herklotz v. Parkinson, 848 F.3d 894,898 (9th Cir. 2017) citing Honeywell Int'l, Inc. v. Phillips Petroleum Co., 415 F.3d 429, 431 (5th Cir. 2005)(finding that an action must have its own basis for federal jurisdiction or must be dismissed: “It can no longer rely on the supplemental jurisdiction afforded by 28 U.S.C. § 1367(a), for there is nothing left to supplement.”).

## CONCLUSION

For the foregoing reasons, the Linden Care Defendants respectfully request that the SAC be dismissed in full, with prejudice.

Respectfully submitted this 16th day of October, 2020.

FENTON LAW GROUP, LLP


__/s/ Nicholas D. Jurkowitz_____

Nicholas D. Jurkowitz

Attorneys for Defendants