CHAKAMEH GANJI (State Bar No. 311720)
chakameh.ganji@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494

WILLIAM J. LEONE (admitted *pro hac vice*)
william.leone@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, New York  10019-6022
Telephone: (212) 318-3000
Facsimile:  (212) 318-3400

*Attorneys for Defendants*
*Belhealth Investment Partners, LLC, Belhealth*
*Investment Management, LLC, Belhealth Investment*
*Fund, LP.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MELINA EBU-ISAAC and the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, the CITY OF CHICAGO and the DISTRICT OF COLUMBIA,<br><br>          Relator-Plaintiff,<br><br>     v.<br><br>INSYS THERAPEUTICS, INC. and LINDEN CARE LLC, LINDEN CARE, INC., LINDEN CARE HOLDINGS, INC., BELHEALTH INVESTMENT PARTNERS, LLC, BELHEALTH INVESTMENT MANAGEMENT, LLC, and BELHEALTH INVESTMENT FUND, LP,<br><br>          Defendants. | Case No. 2:16-cv-07937-JLS-AJW<br><br>Hon. Josephine L. Staton<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BELHEALTH DEFENDANTS AND LINDEN CARE DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**<br><br>Hearing Date:   April 16, 2021<br>Proposed<br>  Hearing Date:   January 22, 2021<br>Hearing Time:   10:30 a.m.<br>Courtroom:         10A |

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................... 5

ARGUMENT ............................................................................................................ 5

CONCLUSION ....................................................................................................... 12

CERTIFICATE OF SERVICE ................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941 (N.D. Cal. 2003) .......... 7

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV 14-3053-MWF(VBKX), 2015 WL 12765485 (C.D. Cal. Feb. 12, 2015) .......... 6

*Baker v. Arkansas Blue Cross*, No. C-08-03974SBAEDL, 2009 WL 904150 (N.D. Cal. Mar. 31, 2009) .......... 11

*Bruce v. Clark Equip. Co.*, No. CIV. S-05-01766WBSKJ, 2008 WL 912927 (E.D. Cal. Mar. 26, 2008) .......... 7

*Gibbs v. Carson*, No. C-13-0860 TEH (PR), 2014 WL 172187 (N.D. Cal. Jan. 15, 2014) .......... 6

*GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284 (S.D. Cal. 2000) .......... 11

*Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17CV126-RWS-CMC, 2018 WL 5728515 (E.D. Tex. Apr. 25, 2018) .......... 8

*In re Hydroxycut Mktg. & Sales Practices Litig.*, 299 F.R.D. 648 (S.D. Cal. 2014) .......... 11

*United States ex rel. Keeler v. Eisai, Inc.*, No. 09-22302-CV, 2012 WL 12842791 (S.D. Fla. Sept. 27, 2012) .......... 8

*United States ex rel Modglin v. DJO Glob. Inc.*, No. CV1207152MMMJCGX, 2014 WL 12564275 (C.D. Cal. Feb. 20, 2014) .......... 6, 7, 10

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) .......... 10

*S.E.C. v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000 (N.D. Cal. Dec. 22, 2010) .......... 11

*Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598 (C.D. Cal. 1995) .......... 8

*Smith v. Levine Leichtman Capital Partners, Inc.*, No. C 10-00010 JSW, 2011 WL 13153189 (N.D. Cal. Feb. 11, 2011) .......... 9

*Top Rank, Inc. v. Haymon*,
  No. CV154961JFWMRWX, 2015 WL 9952887 (C.D. Cal. Sept.
  17, 2015) .................................................................................................... 9

*United States v. CDS, P.A.*,
  No. 4:14-CV-00301-BLW, 2015 WL 5257132 (D. Idaho Sept. 3,
  2015) .................................................................................................... 8

*United States v. Dynamic Medical Systems, LLC*,
  No. 117CV01757NONESAB, 2020 WL 3035219 (E.D. Cal. June
  5, 2020) ............................................................................................... 6, 7

*Vazquez v. Cty. of San Bernardino*,
  Case No. EDCV 14-01753 JGB, 2018 WL 6075347 (C.D. Cal. Jan.
  29, 2018) .................................................................................................... 6

**Rules and Statutes**

Fed. R. Civ. P. Rule 9(b) ....................................................................... 5, 6, 7, 8, 11

Fed. R. Civ. P. Rule 26(f) ............................................................................... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Belhealth Investment Partners, LLC, Belhealth Investment Management, LLC, and Belhealth Investment Fund, LP. (the "Belhealth Defendants") and Linden Care, LLC, Linden Care, Inc., and Linden Care Holdings, Inc. (the "Linden Care Defendants") (collectively, the "Defendants"), respectfully submit this Reply Memorandum in further support of their Joint Motion to Stay Discovery in this action pending resolution of the Defendants' respective motions to dismiss the Second Amended Complaint ("SAC").

## PRELIMINARY STATEMENT

Relator-Plaintiff's Opposition admits that Defendants have satisfied the two-part test for a stay of discovery because Defendants' pending motions to dismiss would be dispositive of the entire case and no discovery is needed to decide those motions. Relator-Plaintiff nonetheless insists that a stay should be denied. But, the Opposition offers no compelling reason why a stay should not issue. Relator-Plaintiff identifies no particularized prejudice it would suffer from a limited stay of discovery. Nor does Relator-Plaintiff seriously challenge Defendants' arguments in favor of a stay. Indeed, Relator-Plaintiff altogether fails to respond to Defendants' argument that a stay is appropriate because Relator-Plaintiff's broad and burdensome discovery demands seek to cure the glaring pleading deficiencies on which Defendants base their respective motions to dismiss. As California district courts have recognized, a stay of discovery is especially appropriate in such circumstances and furthers the purpose of the FCA. Relator-Plaintiff is not permitted to use discovery as a pretext to uncover the facts it fails adequately to allege under Rule 9(b). Accordingly, discovery should be stayed until the Court has ruled on the Defendants' pending motions to dismiss the Second Amended Complaint.

## ARGUMENT

Relator-Plaintiff "does not dispute" that Defendants have satisfied the two-part test employed by Ninth Circuit courts in determining whether a motion to stay is warranted. (Opp. Br. at 8.)[1] Defendants' motions would entirely dispose of this action and can be decided without additional discovery. (*Id.*) A stay of discovery pending resolution of Defendants' motions is therefore appropriate. *See United States v. Dynamic Medical Systems*, *LLC*, No. 117CV01757NONESAB, 2020 WL 3035219, at *5 (E.D. Cal. June 5, 2020) (stay of discovery warranted where defendants' pending motions to dismiss were potentially dispositive of the entire case and discovery was not needed to adjudicate the motions); *accord Gibbs v. Carson*, No. C-13-0860 TEH (PR), 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014) (same).[2]

Notably, Relator-Plaintiff offers no argument in response to the Defendants' position that a motion to stay is particularly appropriate, and routinely granted by California district courts in FCA cases, when there is a pending motion to dismiss the operative complaint for failure to satisfy the heightened pleading requirements of Rule 9(b). *See, e.g., United States ex rel Modglin v. DJO Glob. Inc.*, No. CV1207152MMMJCGX, 2014 WL 12564275, at *2 (C.D. Cal. Feb. 20, 2014)

---

[1] As used herein, "Mot." refers to the Belhealth Defendants and Linden Care Defendants' Joint Motion to Stay Discovery, dated November 20, 2020 (ECF No. 149); "Opp. Br." refers to Relator-Plaintiff's Opposition, dated December 30, 2020 (ECF No. 150).

[2] Relator-Plaintiff's reliance on *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV 14-3053-MWF(VBKX), 2015 WL 12765485, at *6 (C.D. Cal. Feb. 12, 2015) is misplaced. (Opp. Br. at 12–13.) *Almont Ambulatory* discussed the standards for staying civil proceedings in the face of a parallel criminal proceedings. *Id.* at *3. It did not purport to set forth the legal standards for routine stays of discovery pending the resolution of a dispositive motion. Nor did it address the particular propriety of a stay in FCA cases, as recognized by courts in this district. *See Modglin*, 2014 WL 12564275, at *2. *Vazquez v. Cty. of San Bernardino*, Case No. EDCV 14-01753 JGB (MRWx), 2018 WL 6075347, at *10 (C.D. Cal. Jan. 29, 2018) is inapposite for the same reasons.

1  (collecting cases).  Relator-Plaintiff ignores this on-point precedent altogether.

2  Relator-Plaintiff merely states, in conclusory fashion, in a single footnote, that it is not using discovery to cure the deficiencies in the SAC.  (Opp. Br. at 8, n.2.)  Relator-Plaintiff's failure to directly respond to Defendants' argument further supports a limited stay of discovery until the Court rules on the pending motions to dismiss.  *See Dynamic Medical Systems, LLC*, 2020 WL 3035219, at *5 (granting motion to stay where Relator failed to "directly address Defendants' arguments regarding Rule 9(b) presented in the motion to stay"); *Modglin*, 2014 WL 12564275, at *3 (stay of discovery warranted in FCA cases pending resolution of motion to dismiss absent a showing that the complaint satisfies the heightened pleading requirements of Rule 9(b)).

Moreover, Relator-Plaintiff's vast and voluminous discovery requests confirm that it is indeed seeking to cure the pleading deficiencies in the SAC.  While Relator-Plaintiff certainly alleges loudly that the Belhealth Defendants directed and controlled the Linden Care Defendants, the SAC is long on volume and short on alleged facts.  Being a shareholder, being on a board of directors, and behaving like a shareholder does not make a shareholder liable for a corporation's actions.  That is hornbook law.  *See, e.g., Bruce v. Clark Equip. Co.*, No. CIV. S-05-01766WBSKJ, 2008 WL 912927, at *3 (E.D. Cal. Mar. 26, 2008) ("It is a fundamental rule of corporate formation that a shareholder, be it another corporation or an individual, is not liable for the actions of the corporation."); *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 951 (N.D. Cal. 2003) ("Corporate shareholders are ordinarily not liable for the torts of the corporation.").  Relator-Plaintiff claims to have emails showing Belhealth and Linden Care's "active participation" in an "illegal Subsys scheme." (Opp. Br. at 11.)  But, no such emails have been produced and none are alleged or referred to in the SAC.  The complaint cannot be used as a key to open a door to unlimited discovery in the hopes of finding a case.  *See Modglin*, 2014 WL 12564275, at *2.  There must first be a valid basis to believe that a case exists.  *Id.*

Now that Relator-Plaintiff says it has emails to support its allegations, there is no harm in requiring Relator-Plaintiff to plead at least one fact from those emails that would support a conclusion other than that Belhealth is a mere shareholder.

Relator-Plaintiff also fails to cite a single California district court case allowing discovery to proceed while a motion to dismiss FCA claims under Rule 9(b) was pending.[3] Instead, Relator-Plaintiff relies on non-California cases, all which are inapposite. *United States ex rel. Keeler v. Eisai, Inc.*, No. 09-22302-CV, 2012 WL 12842791, at *5 (S.D. Fla. Sept. 27, 2012) did not even involve a motion to stay and has no relevance to the issues raised in Defendants' motion. In *United States v. CDS, P.A.*, No. 4:14-CV-00301-BLW, 2015 WL 5257132, at *1 (D. Idaho Sept. 3, 2015), the court declined to stay discovery because "Defendants ha[d] done no more than to argue in conclusory fashion that its motion to dismiss will succeed." Here, Defendants have provided ample grounds for a stay, including by pointing out that Relator-Plaintiff's discovery requests impermissibly seek to remedy the very pleading deficiencies that Defendants' identified in their motions to dismiss. (Mot. at 11–13.) Relator-Plaintiff offers no response to these arguments.

The Texas district court's decision in *Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17CV126-RWS-CMC, 2018 WL 5728515, at *3 (E.D. Tex. Apr. 25, 2018) is equally unavailing. There, the court denied a motion to stay after finding that the burden of discovery was only "speculative, especially considering the parties have not exchanged discovery requests." *Id.* In contrast, here Relator-Plaintiff has already served Defendants with extremely broad discovery requests spanning more than half a decade and seeking a vast array of private and confidential information, and

---

[3] Relator-Plaintiff misleadingly suggests that *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) involved *qui tam* claims under the FCA. (Opp. Br. at 1.) It did not. Moreover, the case is inapposite. In *Skellerup*, the Court declined to order a stay of discovery pending resolution of defendant's motion to dismiss because the motion, even if granted, would not be dispositive of the case and "would not result in [its] termination." *Id.* Here, no dispute exists that Defendants' motions would be dispositive of the entire case. (Opp. Br. at 8.)

indicated that it intends to seek over 300 hours of deposition testimony. Defendants submit that it would be neither fair nor efficient for them to be subjected to this extremely broad, burdensome, and costly discovery[4] while their motions to dismiss are pending—particularly since there is no dispute that their motions, if successful, would be case dispositive.

In contrast, any prejudice to Relator-Plaintiff from a limited stay would be minimal. Indeed, Relator-Plaintiff fails to identify any specific prejudice it would suffer, referring generally to litigants' interest in the expeditious resolution of cases. (Opp. Br. at 8.) But, as Relator-Plaintiff notes, this case has been pending since 2016 (through no fault of the Defendants), and was further delayed when Relator-Plaintiff elected to amend its operative complaint. Defendants' motions to dismiss are scheduled for a hearing on March 12, 2021. A short stay of discovery until those motions are resolved will not significantly delay the proceedings. *See Top Rank, Inc. v. Haymon*, No. CV154961JFWMRWX, 2015 WL 9952887, at *3 (C.D. Cal. Sept. 17, 2015) (granting motion to stay where defendants' motions to dismiss were scheduled to be heard within a matter of weeks and "any prejudice to [plaintiff] due to the stay will be extremely limited").

Relator-Plaintiff also misrepresents the record when it claims that Defendants have caused any "delay" in the case. (Opp. br. at 9.) That is not true. Defendants timely filed their motions to dismiss on October 16, 2020. (ECF Nos. 142, 143.) On October 26, 2020, Relator-Plaintiff served its requests for production on the

---

[4] Unlike the movants in *Smith v. Levine Leichtman Capital Partners, Inc.*, No. C 10-00010 JSW, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011), Defendants do not argue that a stay of discovery is warranted based on the "expense of discovery alone." (Opp. Br. at 6.) While the burdensome discovery sought by Relator-Plaintiff would impose substantial and potentially unnecessary costs on Defendants, good cause for a stay also exists because Defendants' motions raise substantial challenges to the sufficiency of the claims in the SAC and would be case dispositive, and because balancing the respective interests of the parties supports a limited stay pending the resolution of those motions.

1  Defendants. On the very next day, Defendants' counsel participated in a Rule 26(f)
2  meet and confer with Relator-Plaintiff's counsel, at which time they advised
3  Relator's counsel that Defendants opposed proceeding with discovery prior to the
4  resolution of their motions to dismiss and intended to seek a stay of discovery within
5  the time period provided for responding to the Requests. As Relator-Plaintiff admits,
6  Defendants then timely moved for a stay and also complied with their initial
7  disclosure obligations, notwithstanding their intention to seek a discovery stay.
8  (Opp. Br. at 4.) Moreover, to avoid any undue delay of the case, Defendants
9  requested that the Court consider their Motion to Stay at the January 22, 2021
10 scheduling conference rather than waiting until the next available hearing date in
11 April of 2021. Defendants have made a good-faith effort to comply with all
12 applicable deadlines while properly challenging what they believe is a deficient
13 pleading. Given the significant burden on Defendants in complying with Relator-
14 Plaintiff's voluminous discovery requests, and the minimal burden to Relator-
15 Plaintiff from a limited stay, a stay of discovery is appropriate, all the more so as this
16 is an FCA case. *See Modglin*, 2014 WL 12564275, at *3.

17 Relator-Plaintiff also claims that no stay should issue because "Defendants
18 have already failed to convince the Court that Relator cannot state a claim for relief."
19 (Opp. Br. at 7.) This claim is incorrect and misreads the Court's September 17, 2020
20 Order. The Court did not consider the Defendants' challenges to the sufficiency of
21 the allegations in the SAC. To the contrary, the Court invited the Defendants to
22 submit motions to dismiss the SAC, on the grounds that this is the "preferred course"
23 to challenge the sufficiency of the pleadings. (ECF No. 128 at 4.) Defendants have
24 followed the Court's preferred course by filing their respective motions to dismiss.
25 A stay of discovery is appropriate until the Court has had the opportunity "to
26 determine whether there is any reasonable likelihood that plaintiff[] can construct a
27 claim before forcing the parties to undergo the expense of discovery." *Rutman Wine*
28

*Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).[5]

Finally, Relator-Plaintiff vaguely asserts that the interest of unspecified "non-parties" and the "public at large" weighs against a stay. (Opp. Br. at 12.) But, Relator-Plaintiff identifies no specific non-party or public interest that would be affected or impaired by a limited stay of discovery. Relator-Plaintiff also never explains how it purports to vindicate or promote any "public interest." The Government has declined to intervene against Belhealth and Linden Care and, as the authorities referenced by Relator-Plaintiff make clear, any public interest in expeditious civil litigation is significantly weaker "in a case between private parties" such as the instant action. *S.E.C. v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *6 (N.D. Cal. Dec. 22, 2010). Relator-Plaintiff's repeated attempts to conflate the Defendants with Insys, and the "opioid epidemic" more broadly, are baseless, improper, and highlight the pleading deficiencies in the SAC.[6] If Relator-Plaintiff has any facts to support its claim that the "Defendants worked hand-in-hand with Insys in the illegal scheme involving Subsys," and were Insys' "partners-in-crime," it should be required to plead them. Defendants' motions contend that the

---

[5] While Relator-Plaintiff claims that a stay is not appropriate unless Defendants "convince" the Court that Relator-Plaintiff cannot state a claim for relief (Opp. Br. at 1), the actual standard is "unsettled," as the case law cited by Relator-Plaintiff confirms. *See Baker v. Arkansas Blue Cross*, No. C-08-03974SBAEDL, 2009 WL 904150, at *1 (N.D. Cal. Mar. 31, 2009). At least one case holds that the party seeking a stay need only show a "clear possibility" of prevailing on the motion to dismiss to obtain a stay of discovery. *See, e.g., GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000). Given Relator-Plaintiff's failure to meet its heightened pleading burden under 9(b), Defendants believe a stay is warranted under either standard.

[6] Relator-Plaintiff cites numerous public materials relating to the criminal prosecution of Insys and its founder. (Opp. Br. at 12–13.) Those materials have nothing to do with Belhealth or Linden Care. Rule 9(b) requires Relator-Plaintiff to plead the factual basis for fraud for each of the Defendants separately. Relator-Plaintiff's pleading strategy of "guilt by association is impermissible." *In re Hydroxycut Mktg. & Sales Practices Litig.*, 299 F.R.D. 648, 659 (S.D. Cal. 2014) (citation omitted).

SAC fails to do so. Discovery should be stayed until the Court has had an opportunity to rule on those motions.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' opening Motion to Stay, discovery should be stayed until the Court has ruled on the Defendants' respective Motions to Dismiss the Second Amended Complaint.

Respectfully submitted,

Dated: January 8, 2021

CHAKAMEH GANJI
WILLIAM J. LEONE
**NORTON ROSE FULBRIGHT US LLP**

By  /s/ Chakameh Ganji
CHAKAMEH GANJI
*Attorneys for Defendants*
*Belhealth Investment Partners, LLC,*
*Belhealth Investment Management, LLC,*
*Belhealth Investment Fund, LP.*

Dated: January 8, 2021

NICHOLAS D. JURKOWITZ
**FENTON LAW GROUP, LLP**
KENDRA E. PANNITTI
**FRIER LEVITT**

By  /s/ Kendra E. Pannitti
KENDRA E. PANNITTI
*Attorneys for Defendants*
*Linden Care, LLC, Linden Care, Inc.,*
*and Linden Care Holdings, Inc.*

Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, I hereby attest that concurrence in the filing of this document and its content has been obtained by all signatories listed.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of January, 2021, the foregoing document was served on all counsel of record via the Court's CM/ECF system.

          /s/ Chakameh Ganji
          CHAKAMEH GANJI