# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MELINA EBU-ISAAC and the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, the CITY OF CHICAGO and the DISTRICT OF COLUMBIA, | CASE NO.  (ASx) 2:16-cv-07937-JLS-~~AJW~~<br><br>Hon. Josephine L. Staton<br><br><br>**PROTECTIVE ORDER** |
|     Relator-Plaintiff, |  |
|     v. |  |
| INSYS THERAPEUTICS, INC. and LINDEN CARE, LLC, LINDEN CARE, INC., LINDEN CARE HOLDINGS, INC., BELHEALTH INVESTMENT PARTNERS, LLC, BEHEALTH INVESTMENT MANAGEMENT, LLC, and BELHEALTH INVESTMENT FUND, LP |  |
|     Defendants. |  |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may

be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      B. <u>GOOD CAUSE STATEMENT</u>

      This action is likely to involve personal identifying information; personal information that is protected from disclosure by statute, regulation, or is otherwise entitled to protection from public disclosure; information that constitutes or contains "protected health information," as defined by 45 C.F.R. § 164.501 and/or "individually identifiable health information," as defined by 45 C.F.R. § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, or the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified at 42 U.S.C. §§ 1302d *et seq*. and implemented at 45 C.F.R. §§ 160, 164, (Pub. L. 104-191) (this category herein after collectively referred to as "Confidential Health Information") and/or other applicable state or federal law or regulation concerning Confidential Health Information; financial and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, Confidential Health Information, personal identifying information, confidential business or financial information, information regarding confidential

business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

This Protective Order is a "qualified protective order" under the patient privacy regulations of HIPAA. The use of protected personal health information disclosed pursuant to this Protective Order shall comply with the provisions of HIPAA and the regulations promulgated thereunder, including the HIPAA Standards for Privacy of Individually Identifiable Health Information and the HIPAA Security Standards Regulations. *See* 45 C.F.R. Parts 160 and 164. Any information that any Party or Non-Party believes in good faith to contain protected personal health information shall be designated as Confidential Material.

2.    DEFINITIONS

2.1    Action: The above-captioned case, styled as *U.S. ex rel. Ebu-Isaac, et al. v. Insys Therapeutics, Inc. et al*., No. 2:16-cv-07937-JLS-AJW.

2.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Enforcement Personnel: Attorneys for the United States of America, Assistant United States Attorneys, United States Department of Justice, state attorneys general, Attorneys for the City of Chicago and Attorneys for the District of Columbia, as well as their support staff.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any

use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order which is introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See* Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party shall make reasonable efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to imposeunnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to  eachpage that contains protected material provided, however, that the CONFIDENTIAL legend may be added to the file name in lieu of the face of the document, as appropriate. If only a portion or portions of the material on a page qualifies for protection, the Producing Party will, to the extent practicable, make reasonable efforts to clearly identify the protected portion(s) (e.g., by making  appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must      affix      the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party use its best efforts to identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, unless alternative measures are agreed upon prior to deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's

Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the Informal Dispute Resolution process set forth in the Court's Procedures and Schedules. See http://www.cacd.uscourts.gov/honorable-alka-sagar

6.3 <u>The burden of persuasion in any such challenge proceeding shall be on the Designating Party</u>. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Enforcement Personnel, as defined in this Order, may use Protected Material in furtherance of legitimate law enforcement purposes. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Parties to this Action;

(c) the officers, directors, and employees (including House Counsel) and agents of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d) Enforcement Personnel, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the court and its personnel;

(g) court reporters, court videographers, and their staff;

(h) professional jury or trial consultants or potential consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) during their depositions, witnesses or potential witnesses, and attorneys for witnesses, and any person as to which there is a good faith basis to believe that they may be a witness at a deposition or hearing in this Action, to whom disclosure is reasonably necessary provided that the deposing party requests that the witness sign and the witness does sign the form attached as Exhibit A hereto. Pages of

transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) If any discovery requests are served on a Non-Party, the Party serving the discovery request shall provide the Non-Party with notice of the terms of this Order.

(c) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably  specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(d) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), if information subject to a claim of attorney-client privilege, work product immunity/privilege, common interest privilege, community-of-interest privilege, or any other applicable privilege or immunity (collectively, "Privilege") is produced inadvertently, the following clawback protocol shall apply:

(a) Upon learning of the production of any information that a Producing Party believes is subject to a claim of Privilege, the Producing Party shall

**13**

immediately notify in writing any Receiving Party of the claimed Privilege, the basis for it, and the produced documents (by Bates number or otherwise with particularity) for which it applies (the "Clawback Notice"). After being so notified by the Producing Party, if all Receiving Parties do not challenge the Clawback Notice, all Receiving Parties shall destroy all copies of such documents subject to the Privilege claim within seven (7) days of receipt of the Clawback Notice and shall not use such documents for any purpose and shall provide notice via email to the Producing Party of such destruction. After being so notified by the Producing Party, if any Receiving Party contests the Producing Party's claim of Privilege, the Producing Party and any contesting Receiving Party must within seven (7) days from the receipt of any Clawback Notice meet and confer and work in good faith to resolve the dispute. If the Producing Party and the Receiving Party cannot resolve the dispute over the claim of Privilege, the Producing Party shall within seven (7) days from the meet and confer file a motion with the Court, consistent with Local Rules 79-5 and 79-6, for a determination of the claim of Privilege. During the pendency of the period from the Clawback Notice and until the resolution of any disputed claim of Privilege, any Receiving Party of the document subject to the disputed claim of Privilege must sequester it, cease any further review of it, and must not use or disclose it, or create additional copies of it except to the extent the copies are made for the sole purpose of presentation to the Court, either under seal or *in camera*, for a determination of the claim of Privilege, in accordance with the procedures set forth herein.

(b) If a Party discovers or believes a Producing Party has inadvertently produced a document that is protected by Privilege, that Party shall cease any further review of the document and shall give the Producing Party immediate notice of the suspected inadvertent disclosure, identifying by Bates number, or otherwise with particularity, the document so discovered. If after receiving such notice, the

Producing Party does not respond within seven (7) days from the date of that notice, then any privilege over such document shall be deemed waived. Any such waiver shall not be deemed to extend to any other document, whether dealing with the same subject matter or a different matter. After being noticed of the suspected inadvertent production of a document that is suspected to be privileged, the Producing Party and the Receiving Parties must, within seven (7) days from notification from the Receiving Party, meet and confer and work in good faith to resolve any dispute over a claim of Privilege. If the Producing Party and the Receiving Parties cannot resolve the dispute, the Producing Party shall within seven (7) days from the meet and confer file a motion with the Court, consistent with Local Rules 79-5 and 79-6, for a determination of the claim of Privilege. During the pendency of the period from the notice and until the resolution of any disputed claim of Privilege, any Receiving Party of the document subject to the disputed claim of Privilege must sequester it, cease any further review of it, and must not use or disclose it, or create additional copies of it except to the extent the copies are made for the sole purpose of presentation to the Court, either under seal or *in camera*, for a determination of the claim of Privilege, in accordance with the procedures set forth herein.

(c) If there is no dispute concerning any Clawback Notice or any claim of Privilege at issue hereunder, or if the Court rules in favor of the Producing Party in the event of a dispute, then unless otherwise ordered by the Court, each Receiving Party who does not hold the privilege must promptly destroy or delete the document and any reasonably accessible copies it has, and provide a confirmation via email to the Producing Party that it will cease further review, dissemination, and use of the document, and that all copies thereof have been destroyed.

(d) The destruction of any document shall not in any way preclude the Receiving Party from moving the Court for a ruling that the challenged document

was not properly withheld.

12.   <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   <u>FINAL DISPOSITION</u>

Within sixty (60) days after such time as a Receiving Party's involvement in this Action is concluded, whether by final adjudication on the merits from which there remains no appeal by right or by other means, the Receiving Party shall, without request, undertake reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15.    This Order governs all discovery in this Action, including documents exchanged prior to the date on which Order is entered and, to the extent that such discovery is designated confidential, this Order shall be applied retroactively in full force and effect.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**NORTON ROSE FULBRIGHT US LLP**
*/s/ Jacob Laksin*
WILLIAM J. LEONE
William.leone@nortonrosefulbright.com

**KANG HAGGERTY & FETBROYT, LLC**
*/s/ Kandis L. Kovalsky*
EDWARD T. KANG
ekang@kanghaggerty.com
KANDIS L. KOVALSKY

JACOB LAKSIN
jacob.laksin@nortonrosefulbright.com
1301 Avenue of the America
New York, NY 10019
Telephone: 212-318-3400
Facsimile: 212-318-3400

**NORTON ROSE FULBRIGHT US LLP**
CHAKAMEH GANJI (SBN 311720)
Chakameh.ganji@nortonrosefulbright.com
55 South Flower Street,
Forty First Floor
Los Angeles, CA 90071
Telephone: 213-892-9200
Facsimile: 213-892-9494

*Attorneys for Defendants Belhealth Investment Partners, LLC, Belhealth Investment Management, LLC, Belhealth Investment Fund, LP*

**FRIER & LEVITT, LLC**
*/s/ Jonathan E. Levitt*
JONATHAN E. LEVITT
jlevitt@frierlevitt.com
84 Bloomfield Avenue
Pine Brook, NJ 07058
Telephone: 973-618-1660
Facsimile: 973-618-0650

*/s/ Kendra E. Pannitti*
KENDRA E. PANNITTI
kpannitti@frierlevitt.com
101 Greenwich Street, Suite 8B
New York, NY 10006
Telephone: 973-618-1660
Facsimile: 973-618-0650

kkovalsky@kanghaggerty.com
SUSAN MOON O
so@kanghaggerty.com
KYLE GARABEDIAN
kgarabedian@kanghaggerty.com
123 S. Broad St., Suite 1670
Philadelphia, PA 19109
Telephone: 215-525-5850
Facsimile: 215-525-5860

**McELDREW YOUNG, Attorneys-at-Law**
ERIC L. YOUNG
eyoung@mceldrewyoung.com
PAUL V. SHEHADI
paul@mceldrewyoung.com
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
Telephone: 215-367-5151
Facsimile: 215-367-5143

**RICHARD J. HOLLAWELL & ASSOCIATES**
RICHARD J. HOLLAWELL
rjh@richardhollawell.com
121 Saratoga Lane
Woolwich Twp., NJ 08085
Telephone: 215-498-8609
Facsimile: 856-467-5101

**SHEPHERD FINKELMAN MILLER & SHAH, LLP**
KOLIN C. TANG (SBN 279834)
ktang@sfmslaw.com
1401 Dove Street, Suite 540
Newport Beach, CA 92660
Telephone: 323-510-4060
Facsimile: 866-300-7367

*Attorneys for Defendants Linden
Care, LLC, Linden Care, Inc., and
Linden Care Holdings, Inc.*

*Attorneys for Relator-Plaintiff
Melina Spalter (Ebu-Isaac)*

DATED: <u>April 19, 2021</u>

DATED: <u>April 19, 2021</u>

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: <u>  April 19, 2021          </u>

<u>          / s / Sagar                            </u>
Honorable Alka Sagar
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on April ___, 2021 in the case of *U.S. ex rel. Ebu-Isaac, et al. v. Insys Therapeutics, Inc. et al.*, No. 2:16-cv-07937-JLS(ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____

## ATTESTATION PURSUANT TO CIVIL L.R. 5-4.3.4(a)(2)

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and has authorized the filing.

Dated: April 19, 2021

*Kolin C. Tang*
Kolin C. Tang (SBN 279834)
**MILLER SHAH LLP**
1401 Dove Street
Suite 510
Newport Beach, CA 90660
Telephone: (323) 510-4060
Facsimile: (866) 300-7367
Email: kctang@millershah.com