| | |
|---|---|
| 1 | WILLIAM J. LEONE |
| 2 | **NORTON ROSE FULBRIGHT US LLP**<br>1225 Seventeenth Street, Suite 3050<br>Denver, Colorado  80202 |
| 3 | Telephone:  (303) 801-2700<br>Facsimile:    (303) 801-2777 |
| 4 | william.leone@nortonrosefulbright.com |
| 5 | *Attorneys for Defendants*<br>BELHEALTH INVESTMENT PARTNERS, LLC, |
| 6 | BELHEALTH INVESTMENT MANAGEMENT,<br>LLC, BELHEALTH INVESTMENT FUND, LP |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MELINA EBU-ISAAC and the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, the CITY OF CHICAGO and the DISTRICT OF COLUMBIA,<br><br>Relator-Plaintiff,<br><br>v.<br><br>INSYS THERAPEUTICS, INC. and LINDEN CARE, LLC, LINDEN CARE, INC., LINDEN CARE HOLDINGS, INC., BELHEALTH INVESTMENT PARTNERS, LLC, BEHEALTH INVESTMENT MANAGEMENT, LLC, and BELHEALTH INVESTMENT FUND, LP, QUICK CARE PHARMACY, INC., HAROLD BLUE, DENNIS DRISLANE, and INDER TALLUR,<br><br>Defendants. | CASE NO. 2:16-cv-07937-JLS-ASx<br><br>HON. JOSEPHINE L. STATON<br><br>**DEFENDANTS' STATEMENT OF POSITION REGARDING THE STATUS OF SETTLEMENT** |

Defendants in the above captioned action respectfully submit the following statement of position with regard to the status of settlement.

1. On January 24, 2022, the parties conducted a mediation with Honorable Judge Lora Schendlein retired from the District Court bench in the Southern District of New York.

2. At the conclusion of a full day of mediation, the parties reached a putative settlement in which the plaintiffs, on her own behalf and on behalf of the federal government and various states identified in the caption, were to provide the Defendants with full releases in exchange for a payment of $9 million. The payment included a contribution by an insurance carrier. Based on the extensive releases promised, Defendants were confident that they could complete and fund the settlement.

3. Following conclusion of the mediation, the parties began to prepare settlement papers to document the agreement in principle that was reached.

4. Plaintiff and her counsel led the drafting process and sought to obtain consents from all the putative named plaintiffs on whose behalf Plaintiff was proceeding. However, it became apparent that the state and federal participants were unwilling to agree to any form of release and expected to receive funds from the settlement without providing any form of finality in return. One of the State parties actually commenced an investigation AFTER settlement had been reached, claiming that despite the overlapping fact pattern, it was actually investigating other legal theories in addition to those alleged in the complaint in this action and potentially involving other drugs. This led to a prolonged negotiation that was not completed until April 12, 2023 when the federal government and most of the states relented and agreed to a dismissal with prejudice of this action and the covered conduct described in it, alleged false claims for reimbursement for unneeded medications.

5. Until an agreement was finalized and the scope of any release or dismissal was known, Defendants, one of whom is an investment partnership, were unable to communicate the terms of the deal to its partners or potential contributors to the financial settlement. Any person or investor being asked to return funds to the partnership as part of the settlement were entitled to know what was being obtained in settlement.

6. It was not until April 12 that the parties reached tentative agreement on final language in the written settlement documents. Despite the promises of full releases at the mediation, in the end Defendants were only provided with a release by the Relator, consents to dismissal with prejudice by a portion of the states, and consent to dismissal with prejudice by the federal government. Other states have refused to agree to anything, despite the fact that they never intervened in the case and have stated that they have no intention of pursuing the case.

7. Despite the material deviation in terms that has occurred since the mediation, Defendants are still prepared to go forward with the same economic terms agreed upon in January 2022. However, due to the delay in finally agreeing to those terms, caused primarily by the putative Plaintiffs refusing to honor the terms agreed to by Relator's Counsel, Defendant must go through a process of notifying their partners and confirming that funds are still available to fund the settlement. That process will require several weeks as Defendants furnish a copy of the final settlement agreement to the interested parties.

8. Defendants fully intend to finalize and execute the settlement agreement, but cannot execute a final binding agreement until they are reasonably certain that they can fund the required payments and perform the agreement. No other process is reasonable. Defendants cannot make a promise of performance unless they have a reasonable basis to believe they can perform. Defendants partners are entitled to a reasonable time to review the settlement, ask questions,

1  and confirm their willingness to assist in funding. That process will likely take until
2  May 15.

3      9.    Defendants believe, with very high confidence, that they will be able
4  to obtain the necessary confirmations by May 15 and fully intend to execute and
5  close this settlement promptly.

6      Therefore, Defendants ask this Court to vacate the May 5 Conference and
7  reset it for a date after May 15. Defendants believe that the probability is very high
8  that by May 15 there will be fully executed settlement documents and a fixed time
9  for payment.

Dated:    April 19, 2023

WILLIAM J. LEONE
**NORTON ROSE FULBRIGHT US LLP**

By */s/ William J. Leone*
WILLIAM J. LEONE
1225 Seventeenth Street
Suite 3050
Denver, Colorado 80202
Telephone: (303) 801-2700
Facsimile: (303) 801-2777
william.leone@nortonrosefulbright.com

*Attorneys for Defendants*
BELHEALTH INVESTMENT PARTNERS, LLC, BELHEALTH INVESTMENT MANAGEMENT, LLC, BELHEALTH INVESTMENT FUND, LP